IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARYIE EARL JONES, #156610, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 2:06-CV-67-MEF |
| ) | |
| TERRANCE McDONNELL, et al., ) | |
| ) | |
| Respondents. ) | |

## ANSWER

Come now Respondents, by and through the Attorney General of Alabama, to respond to the Order to Show Cause issued by this Honorable Court on January 26, 2006.

## PROCEDURAL HISTORY

Petitioner, Laryie Earl Jones, was indicted by the Covington County Grand Jury in three separate indictments for possession of cocaine and possession of drug paraphernalia: on February 14, 2003 (CC-2003-187); on September 17, 2003 (CC-2003-418; and, on September 17, 2003 (CC-2003-419).

On September 27, 2005, Jones pleaded guilty to all three charges for possession of cocaine. The trial court sentenced Jones to fifteen years of

imprisonment in the state penitentiary on each conviction. The trial court ordered the sentences on the convictions to run concurrently. The trial court ordered Jones to spend one year in the penitentiary, and suspended the remaining portions of Jones's sentences and placed him on probation for the remainder of his sentences. The three charges for drug paraphernalia were nol prossed.

On October 7, 2005, Jones filed a Notice of Appeal to the Alabama Court of Criminal Appeals. Jones also filed a motion with the trial court in which he sought to withdraw his guilty pleas.

On December 1, 2005, the trial court granted the motion to withdraw the guilty pleas, and restored the cases to the trial docket. On December 19, 2005, the Court of Criminal Appeals dismissed the notice of appeal. Jones's charges are now pending in the trial court, although a date for his trial has not yet been determined.

## ISSUES RAISED IN THE FEDERAL HABEAS PETITION

1) Trial counsel rendered ineffective assistance of counsel because counsel did not appear at the guilty plea proceedings, but sent his father to represent Jones at the guilty plea proceedings;

2) The guilty pleas were unlawfully induced and were not made voluntarily with an understanding of the nature of the charges and consequences of the pleas;

3) The guilty plea convictions were obtained by the use of evidence that was obtained pursuant to an unlawful arrest;

2

4)  The guilty plea convictions were obtained because the prosecution failed to disclose evidence favorable to the defense.

## CLAIMS RAISED ON DIRECT APPEAL

Jones has not been tried on these charges, which are currently pending on the trial court's criminal docket.

The trial court allowed Jones to withdraw his guilty pleas to the charges; technically, has been no convictions on the charges.

## EXHAUSTION OF CLAIMS RAISED IN THE FEDERAL HABEAS PETITION

### (A)

### EXHAUSTED CLAIMS

Jones has not exhausted his state remedies on these claims because he has not been tried on the charges. These claims can be raised at his trial and on appeal to the Alabama Court of Criminal Appeals.

## THE COURT SHOULD NOT REVIEW JONES'S CLAIMS UNTIL HE HAS BEEN CONVICTED AND APPEALED HIS CLAIMS TO THE STATE APPELLATE COURTS.

Jones's claims regarding the ineffective assistance of counsel, the involuntary guilty pleas, the illegal arrest and failure of the prosecution to disclose

3

favorable evidence to the defense are premature because Jones has not been convicted in state court. Jones is not entitled to federal habeas review of his claims until the State has convicted him of the charges.

Jones is not entitled to federal review of his claims under Title 28 U.S.C. §2254 because this statute applies only to a petitioner who is in state custody pursuant to a judgment of a state court. Section 2254 provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Because there is an available state corrective process in the form of a state trial and appeal, Jones is not entitled to federal review of his claims under §2254 until he has been tried in state court. It would be premature for this Court to review the claims because it is possible that Jones may not be convicted of the charges, or the claims may be resolved during the state court proceedings.

In Maharaj v. Secretary for Dept. of Corrections, 304 F.3d 1345 (11th Cir. 2002), the Court held that a petitioner was not entitled to pursue relief by federal

4

habeas corpus before his conviction became final in state court. The Court stated in <u>Maharaj</u>:

> In <u>Younger</u> [v. <u>Harris</u>, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)], the Supreme Court held that, except in extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court. <u>Younger</u>, 401 U.S. at 53-54, 91 S.Ct. at 755. The Court expressed the national public policy against federal court interference with ongoing state proceedings, based in part on "the notion of 'comity,' that is, a proper respect for state functions ... and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."

<u>Id</u>. at 1348-1349. The Court further stated in <u>Maharaj</u>:

> Because Maharaj's resentencing had not occurred at the time he filed his habeas petition, his state judgment had not become final, and thus his habeas petition, which challenged all of his convictions and sentences, was not ripe for review at that time. Accordingly, the district court's dismissal without prejudice, which will allow Maharaj to refile his habeas petition now that the state court has completed its resentencing, was not in error.

<u>Id</u>. at 1349.

Because Jones has not been convicted in state court, his claims are not ripe for review under §2254. He has no final state judgment to attack at this stage of his criminal proceedings in state court.

## REVIEW UNDER TITLE 28 U.S.C. § 2241

Jones is not entitled to review of his claims under Title 28 U.S.C. §2241. That statute provides:

> (c) The writ of habeas corpus shall not extend to a prisoner unless –
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court of judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or ….

Jones, however, is not in custody in violation of the Constitution of the United States. His illegal arrest claim does not raise a federal constitutional issue because he has been indicted for the charges against him. In <u>Johnson v. Louisiana</u>, 406 U.S. 356 (1972), the defendant contended that his warrantless arrest was unlawful and that evidence of his subsequent lineup identification was the fruit of the illegal arrest. The Court denied relief on the ground that Johnson had been taken before a magistrate, where he was advised of his rights, before the lineup was conducted. The Court held that Johnson was being held pursuant to a ruling by

6

the magistrate, which purged any taint of the alleged illegal arrest. The Court stated:

> The validity of Johnson's arrest, however, is beside the point here, for it is clear that no evidence that might properly be characterized as the fruit of an illegal entry and arrest was used against him at his trial. Prior to the lineup, at which Johnson was represented by counsel, he was brought before a committing magistrate to advise him of his rights and set bail. At the time of the lineup, the detention of the appellant was under the authority of this commitment. Consequently, the lineup was conducted not by 'exploitation' of the challenged arrest but 'by means sufficiently distinguishable to be purged of the primary taint.' Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963).

Id. at 365. *See also* Mastrian v. McManus, 554 F.2d 813 (8th Cir. 1977); *See also* Johnson v. Beto, 466 F.2d 528, 529 (5th Cir.1972) ("Even if, arguendo, appellant's arrest was illegal, since no evidence or statement was taken from him, he has no grounds for relief."). Because Jones has been indicted on the charges, the illegality of his arrest is not a ground for habeas corpus relief. The legality of any evidence obtained pursuant to the arrest can be litigated at his trial. *See* Caver v. State of Alabama, 577 F.2d 1188 (5th Cir.1978), citing Stone v. Powell, 428 U.S. 465 (1976).

Whereas Respondents have shown that Jones is not entitled to relief on his claims, this petition should be denied. Jones's petition is premature because he has not been convicted on any charges, and the charges are pending in the state courts.

7

## EXHIBITS

1) Case Action Summary Sheets on CC-2003-187, Exhibit A;

2) Case Action Summary Sheets on CC-2003-418, Exhibit B;

3) Case Action Summary Sheets on CC-2003-419, Exhibit C; and,

4) Order granting the Motion To Withdraw the guilty pleas, Exhibit D.

>Respectfully submitted,
>
>Troy King (KIN047)
>*Attorney General*
>By:
>
>
>/s/James B. Prude
>James B. Prude (PRU005)
>*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2006, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service a copy of this Answer (including exhibits) to the following non-CM/ECF participant: <u>Laryie Earl Jones, AIS #156610, Frank Lee Youth Center, P. O. Box 220410, Deatsville, Al 36022</u>.

                                              s/James B. Prude
                                              James B. Prude (PRU005)
                                              Office of the Attorney General
                                              Alabama State House
                                              11 South Union
                                              Montgomery, AL  36130-0152
                                              Telephone:  (334) 242-7300
                                              Fax:  (334) 242-2848
                                              E-Mail:  JPrude@ago.state.al.us

102739/90686-001