IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARYIE EARL JONES, #156610, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:06-CV-67-MEF |
| | ) | |
| TERRANCE McDONNELL, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Laryie Earl Jones ["Jones"] on January 24, 2006. In this petition, Jones challenges the constitutionality of his confinement on charges pending against him before the Circuit Court of Covington County, Alabama for three counts of possession of a controlled substance and three counts of possession of drug paraphernalia. These charges arise from indictments issued in 2003 by Covington County grand juries.

On September 27, 2005, Jones entered guilty pleas to the possession charges. The trial court nol prossed the paraphernalia charges. However, on December 1, 2005, based on Jones' motion to withdraw his guilty pleas, the trial court allowed Jones to withdraw his guilty pleas and restored all six criminal cases to the trial docket. Thus, the possession and paraphernalia charges are now pending against Jones.

In their answer filed on February 24, 2006, the respondents assert that this court should dismiss the instant petition as the claims raised therein "are premature because Jones has not been convicted in state court." *Answer of Respondents* at 4. In support of this

argument, the respondents maintain that "Jones is not entitled to federal review of his claims under Title 28 U.S.C. § 2254 because this statute applies only to a petitioner who is in custody pursuant to a judgment of a state court. . . . Because there is an available state corrective process in the form of a state trial and appeal, Jones is not entitled to federal review of his claims under § 2254 until he has been tried in state court." *Id*.; *Maharaj v. Secretary for Department of Corrections*, 304 F.3d 1345, 1348-1349 (11th Cir. 2002) (section 2254 petition for habeas corpus relief not ripe for review in federal court where state convictions and sentences have not become final); *Younger v. Harris*, 401 U.S. 37, 46 (1971) (federal courts adhere to the "fundamental policy against federal interference with state criminal proceedings.").[1]

Upon review of the pleadings filed in this case, it is clear that the instant petition for habeas corpus relief is premature as Jones has not yet been convicted of the offenses he seeks to challenge. Accordingly, it is

ORDERED that on or before March 14, 2006 the petitioner shall show cause why his petition should not be dismissed as he is not entitled to federal relief at this time.

Done this 27th day of February, 2006.

        **/s/ Delores R. Boyd**
        DELORES R. BOYD
        UNITED STATES MAGISTRATE JUDGE

---

[1] It is clear that Jones can and should litigate each of his claims for relief in the state courts both at the trial and appellate levels.