IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARYIE EARL JONES, #156610, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.    ) | CIVIL ACTION NO. 2:06-CV-67-MEF |
| ) | [WO] |
| ) | |
| TERRANCE McDONNELL, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Laryie Earl Jones ["Jones"] on January 24, 2006. In this petition, Jones challenges the constitutionality of his confinement on charges pending against him before the Circuit Court of Covington County, Alabama for three counts of possession of a controlled substance and three counts of possession of drug paraphernalia. These charges arise from indictments issued against Jones in 2003 by Covington County grand juries.

On September 27, 2005, Jones entered guilty pleas to the charges related to his possession of a controlled substance. Based on these guilty pleas, the Circuit Court of Covington County nol prossed the possession of drug paraphernalia charges. However, on December 1, 2005, upon Jones' motion to withdraw his guilty pleas, the trial court allowed Jones to withdraw his guilty pleas and restored all six criminal cases for which Jones had been indicted to the trial docket. Thus, the drug possession and possession of paraphernalia charges are now pending against Jones before the Circuit Court of Covington County.

In their answer filed on February 24, 2006, the respondents assert that this court should dismiss the instant petition as the claims raised therein "are premature because Jones has not been convicted in state court." *Answer of Respondents* at 4. In support of this argument, the respondents maintain that "Jones is not entitled to federal review of his claims under Title 28 U.S.C. § 2254 because this statute applies only to a petitioner who is in custody pursuant to a judgment of a state court. . . . Because there is an available state corrective process in the form of a state trial and appeal, Jones is not entitled to federal review of his claims under § 2254 until he has been tried in state court." *Id.*; *Maharaj v. Secretary for Department of Corrections*, 304 F.3d 1345, 1348-1349 (11th Cir. 2002) (section 2254 petition for habeas corpus relief not ripe for review in federal court where state convictions and sentences have not become final); *Younger v. Harris*, 401 U.S. 37, 46 (1971) (federal courts adhere to the "fundamental policy against federal interference with state criminal proceedings.").[1]

Upon review of the respondents' answer, the court entered an order affording Jones an opportunity to demonstrate why his petition should not be dismissed as premature. *See Order of February 27, 2006 - Court Doc. No. 11*. Jones filed nothing in response to this order.

## DISCUSSION

The record in this case demonstrates that Jones has not yet been convicted of the criminal offenses he seeks to challenge. Thus, the instant petition for habeas corpus relief

---

[1] It is clear that Jones can and should litigate each of his claims for relief in the state courts both at the trial and appellate levels.

is premature. This court does not deem it appropriate to rule on the merits of the petitioner's claims for relief without first requiring that he present his claims to the state courts in proceedings available to him. *Cf.* 28 U.S.C. § 2254(1)(b)(2); *Maharaj, supra*. Moreover, a stay of this case is not warranted pending the outcome of any state proceeding undertaken by Jones as there is nothing before this court which indicates "good cause for the petitioner's failure to [present] his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, ___, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Jones can pursue resolution of his claims in state court.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Laryie Earl Jones be denied.

2. The petition be dismissed without prejudice to afford Jones the opportunity to present his claims to the state courts.

3. This case be dismissed.

It is further

**ORDERED** that on or before April 12, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of March, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE